## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

Raymond Kasper (M-32971),      )
         )
      Petitioner,      )
         )      Case No. 3:18-cv-50231
      v.      )
         )      Honorable Iain D. Johnston
John Varga,      )
Warden, Dixon Correctional Center,      )
         )
      Respondent.      )

## MEMORANDUM OPINION

Before this Court is Raymond Kasper's Motion for Reconsideration [40] of the dismissal of his habeas corpus petition [38]. After a review of the record and Kasper's arguments, the Motion for Reconsideration [40] is denied.

On February 19, 2021, this Court dismissed Kasper's petition for habeas corpus and entered judgment. The facts are set out adequately in the court's previous opinion and need not be repeated here. Dkt. 38. Motions to reconsider under Federal Rule of Civil Procedure 59 "must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life. Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Manifest error requires a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* Put simply, a motion to reconsider should not be a "Pavlovian response" to an adverse ruling. *Jefferson v. Security Pacific Financial Services, Inc.*, 162 F.R.D. 123, 125 (N.D.Ill.1995). Here, Petitioner has not presented proper grounds for reconsideration.

As to the procedurally defaulted claims, Kasper contends that this court "overlooked" the record evidence demonstrating that his issues were not procedurally defaulted. Dkt. 40, at 4. For example, Kasper points to the claim of trial court error based on the exclusion of the letter HH wrote in June 2011, which he claims was "reviewed at trial, appellate court, post conviction, and PLA." *Id.* This claim is erroneous. On direct appeal, although appointed counsel mentioned the HH letter once, that is not enough to be a whole claim. Dkt. 20-1, at 17. On petition for leave to appeal to the Illinois Supreme Court in 2014, through appointed counsel, there was no mention of this letter from HH in the brief, dkt. 20-1, at 285-305, or in the exhibits, dkt. 201-1, at 306-364. On Kasper's *pro se* petition for post-conviction relief, dkt. 20-10, at 2-121, there were multiple references to this letter from HH to petitioner, including a reference to the "runaway letter," *id.* at 28, a description of a June 2011 letter in which HH told Kasper to pack his bags or she would run away, *id.* at 56, and an assertion that defense counsel was in possession of this June 2011 letter in which HH said she hated Kasper, *id.* at 64. But, on appeal from dismissal of the post-conviction petition, through appointed counsel, there was no mention of this letter from

HH. Dkt. 20-2, at 1-82. Then in Kasper's *pro se* petition for leave to appeal to the Illinois Supreme Court in 2017, there was no mention of this letter from HH. Dkt. 20-2, at 97-121. This court correctly found that this issue was not exhausted in state court review. Dkt. 38, at 11. Upon reconsideration, this court again finds that the issue is procedurally defaulted because it was not presented on direct appeal, in the 2014 PLA, in the appeal from dismissal of post-conviction petition, or in the 2017 PLA. Further, Kasper did not establish both "cause" and "prejudice" as required to overcome procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Kasper was represented by counsel at two of the five state court post-trial proceedings, and he did not allege ineffective assistance of appellate counsel in his habeas petition to this Court.

As to the claims exhausted in state court, this Court found that they were without merit and that the Illinois Appellate Court's decision was not an unreasonable application of federal law or contrary to established Supreme Court precedent. Dkt. 38, at 12-17. Whether trial counsel's conduct violated any rules of Professional Responsibility or merited referral to the Illinois Attorney Registration and Disciplinary Committee does not, in itself, establish prejudice under *Strickland v. Washington*. 466 U.S. 668, 687-88 (1984). Further, under the doubly-deferential standard, this Court's review is highly deferential to Illinois courts' determinations on matters of state law and attorney conduct. Likewise, Kasper's claim of insufficient evidence based on inadmissible hearsay does not reflect an unreasonable application of federal law, and it was not contrary to established Supreme Court precedent. Dkt. 38, at 17.

Finally, Kasper points to his Supplement, dkt. 26, in which he claims actual innocence based on a letter from an independent medical doctor, stating the rate at which hymenal tears heal. Dkt. 40, at 10-11. This information could have been presented at trial through expert testimony, and therefore is not new evidence appropriate for a motion to reconsider or proof of actual innocence. As this court previously determined that Kasper's claim of ineffective assistance of counsel based on counsel's failure to call a medical expert was procedurally defaulted, this claim is barred from the District Court's habeas review.

For the above reasons, Kasper's Motion to Reconsider [40] is denied.

Date: March 10, 2021          By: _____

IAIN D. JOHNSTON
United States District Judge

2